UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAS ENERGY, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>SAN DIEGO GAS & ELECTRIC CO., a California corporation; SEMPRA ENERGY, a California corporation; and PALOMAR ENERGY, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 12cv2777-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>[Dkt. No. 57.] |

   Pending before the Court is Defendant San Diego Gas & Electric Co.'s ("SDG&E") motion to stay the case pending *inter partes* review. (Dkt. No. 57.) Plaintiff TAS Energy, Inc. ("TAS") filed a partial opposition on January 31, 2014. (Dkt. No. 60.) On February 14, 2014, Defendant filed a reply. (Dkt. No. 61.) The motion is submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). Based on the reasoning below, the Court GRANTS Defendant's motion to stay pending *inter partes* review.

**Background**

   On November 16, 2012, the original patent infringement complaint was filed. (Dkt. No. 1.) After the Court granted Plaintiff's motion for leave to file an amended

complaint, on August 26, 2013, Plaintiff filed an amended complaint alleging violations of four related patents (Dkt. No. 48, FAC.) Plaintiff is a "global leader in industrial temperature regulation, such as systems for cooling gas turbine-driven power plants." (Id. ¶ 7.) Specifically, Plaintiff has developed technology that cools the inlet air of gas turbines used to generate electricity and by cooling turbine inlet air, the efficiency of the gas turbines can be increased. (Id.) Plaintiff's research and development has led to multiple patents. (Id.) At issue in this case are U.S. Patent Nos. 6,318,065 (the '065 patent); 6,470,686 (the '686 patent); 6,769,258 (the '258 patent); and RE44,079 (the '079 patent). (Id.)

Defendant owns and operates the Palomar Energy Center ("PEC") near Escondido, California. (Id. ¶ 9.) In 2006, the PEC became operational and requested bids from contractors to provide a better cooling system. (Id.) Multiple parties, including TAS Energy and General Electric Co. ("GE"), provided confidential bids. (Id. ¶ 10.) TAS's bid included notification that the cooling system was "MANUFACTURED UNDER ONE OR MORE OF THE FOLLOWING U.S. PATENTS: 6318065, 6470686, 6769258." (Id. ¶ 11.) Defendant selected General Electric Co. to build and install a new cooling system at the PEC. (Id. ¶ 12.) Plaintiff alleges that this new cooling system uses technology protected by TAS's patents. (Id.)

On November 18, 2013, GE filed petitions for *Inter Partes* Review ("IPR") of the three patents asserted in the original complaint with the U.S. Patent and Trademark ("PTO") to invalidate the claims asserted in this case. (Dkt. No. 57-2, Cleveland Decl., Exs. A-C.) On January 10, 2014, GE filed a petition for *Inter Partes* Review of the '079 reissue patent which was added to the case in August 2013. (Id., Ex. D.) According to the statutory IPR schedule, Plaintiff's reply date is due on March 4, 2014. 37 C.F.R. § 42.107(b). Any decision to institute trial on the petitions or deny review will likely issue by June 4, 2014. See 35 U.S.C. § 314(b) ("Director shall determine whether to institute an inter partes review . . . within 3 months after - receiving a preliminary response to the petition under section 313 . . . .") A final determination

must issue within one year unless there is good cause to extend the period by no more than six months. 35 U.S.C. § 316(a)(11). Therefore, a final determination will likely be made in June 2015.

## Discussion

Defendant seeks a stay of all the proceedings pending review by the PTO of the IPR petitions. Plaintiff agrees that a stay would be appropriate but seeks a partial stay asking the Court keep the claim construction hearing date set for March 28, 2014 and then stay the remainder of the case, including discovery and trial. TAS argues that briefing on claim construction is well underway and that the familiarity on the issues in claim construction would be lost if the case were stayed. Moreover, allowing claim construction to go forward now would make restarting the case much quicker and easier once the case is restarted because claim construction would be completed.

### A. *Inter Partes* Review Background and Procedure

Effective September 16, 2012, the Leahy-Smith America Invests Act ("AIA") amended the *inter partes* reexamination process and renamed it the inter partes review process. Semiconductor Energy Lab. Co., Ltd. v Chimei Innolux Corp., No. SACV 12-21-JST(JPRx), 2012 WL 7170593, at *1 n. 1 (C.D. Cal. Dec. 19, 2012). The AIA converted the process from an examination to an adjudicative one. PersonalWeb Techs, LLC v. Facebook, Inc., Case Nos.:5:13–CV–01356–EJD; 5:13–CV–01358–EJD; 5:13–CV–01359–EJD, 2014 WL 116340, at *2 (N.D. Cal. Jan. 13, 2014). Inter parties review allows any person other than the patent owner to file a petition to institute IPR in order to establish that the identified claims are invalid under 35 U.S.C. §§ 102 or 103. 35 U.S.C. §§ 311(a)–(b). A petitioner may request to cancel as unpatentable one or more claims of a patent. Id. The petitioner must rely "only on . . . prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). The patent owner may file a preliminary response "setting forth the reasons why no inter partes review should be instituted" within three months of the petition, or may expedite the proceeding by waiving the preliminary response. 37 C.F.R. §

42.107(a)–(b). The PTO must decide whether to institute IPR within three months of the patent owner's preliminary response, or in the event no response is filed, by the last date on which the response could have been filed. 35 U.S.C. § 314(b). The Director may institute IPR only when the Director determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

If the Director institutes IPR, the proceeding is conducted before the United Sates Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"). See 35 U.S.C. §§ 6(a)–(c). The PTAB must, under most circumstances, issue its final determination within one year of the institution date. 37 C.F.R. § 42.100(c). After receiving a final determination from the PTAB, the parties may appeal to the Federal Circuit. 35 U.S.C. §§ 141(c), 319.

> In enacting the AIA, Congress sought "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation." Changes to Implement Inter Partes Review Proceedings, Post–Grant Review Proceedings, and Transitional Program for Covered Business Method Patents, 77 Fed. Reg. 48680–01 (Aug. 12, 2012) (codified at 37 C.F.R. §§ 42.100 *et seq.*). To that end, IPR affords at least three advantages to the parties and the district court in any corollary civil action. First, IPR provides a path to receive expert guidance from the PTO under a more accelerated timeline than the previous inter partes reexamination procedure: petitioners must file for IPR within one year of being served with a patent infringement complaint (35 U.S.C. § 315(b)) and IPR, if instituted, will typically conclude within 18 months of the filing date. In contrast, the average time from filing to conclusion of the previous inter partes reexamination procedure ranged from 28.9 to 41.7 months. 77 Fed. Reg. 48680–01 at 48721. Second, the decision to institute IPR signals that at least one of the subject claims may be modified or cancelled. See 35 U.S.C. § 314(a) (requiring "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" in order for IPR to be instituted). This new threshold requirement presents a more stringent standard than the previous "substantial new question of patentability" and thus provides some assurance that the delay suffered as a result of IPR will be worthwhile. Third, IPR imposes an estoppel requirement that precludes the petitioner from asserting invalidity, during a later civil action, "on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e)(2). This critical limitation results in a more streamlined litigation and reduces the likelihood of inconsistent judgments.

1 PersonalWeb Techs., LLC, 2014 WL 116340, at *2.[1]

**B.   Motion to Stay**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). District courts in the Ninth Circuit consider three factors in determining whether to order a stay pending reexamination of a patent.  Those factors are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." ASCII Corp. v. STD Entnmen't USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).  However, "there is no *per se* rule that patent cases should be stayed pending reexaminations, because such a rule 'would invite parties to unilaterally derail' litigation." ESCO Corp. v. Berkeley Forge & Tool, Inc., No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009).

**1.   Stage of Litigation**

The parties do not dispute that discovery remains and no trial date has been set. Defendant states that the parties have produced documents and provided initial disclosures but have not served any interrogatories, requests for admission, notices of deposition, and have not negotiated an appropriate protective order.  (Dkt. No. 57-2,

---

[1] In PersonalWeb Techs, LLC, the court noted that in "fiscal year 2013, the PTO instituted IPR on approximately 82.3% of the petitions it received. See "AIA Progress Statistics," available at www.uspto.gov/ip/boards/bpai/stats/aia_statistics_01_02_2014.pdf (last accessed Jan. 10, 2014).  Given that this procedure has only been available for fourteen months, reliable statistics regarding the final outcomes of IPR, e.g. the percentage of claims cancelled or modified, are not yet available." Id. at *3.

Cleveland Decl. ¶¶ 2, 3.)

Plaintiff argues that Defendant's tactics and gamesmanship have caused the unnecessary delay in completing discovery. It contends that Defendant unnecessarily and without any basis opposed its motion to amend the complaint causing the case to be delayed by four months. Therefore, it argues that Defendant is largely responsible for delaying discovery and trial of the case.

The Court disagrees with Plaintiff's contention that Defendant, without basis, opposed Plaintiff's motion to amend in order to delay the case. Defendant is entitled to oppose a motion to amend especially where Plaintiff sought to amend to increase the number of claims at issue twofold. In any event, even if Defendant had not opposed the motion to amend, a new scheduling order regarding the claim construction hearing would still have been required due to the dramatically increased number of claims concerning the newly added RE '079 patent.

Opening claim construction briefs were filed on February 21, 2014. Responsive briefs are due on March 7, 2014. The parties have exchanged their preliminary infringement and invalidity contentions. They have also filed their Joint Hearing Statement, Claim Construction Chart, and Claim Construction Worksheet. (Dkt. No. 58.) While the case is not in its early stages, it is in the midst of discovery and no trial date has been set. Moreover, significant amount of work still remains such as expert discovery, summary judgment motions and trial. Therefore, the Court concludes that at this stage of the litigation, a stay would not be improper. See PersonalWeb Techs, LLC, 2014 WL at 116340, at *4 (stating that case was not so far advanced that a stay would be improper where parties have not yet engaged in significant and costly work of expert discovery, summary judgment motions and pretrial conference was still six months away); Tierravision, Inc. v. Google, Inc., No. 11cv2170 DMS(BGS), 2012 WL 559993, at *2 (S.D. Cal. Feb. 21, 2012) (in favor of stay where although case was not in its infancy, there was still much more work in the case such as claim construction briefing and summary judgment motions).

### 2. Simplification of Issues and Trial

Defendant argues that the case is complex and burdensome because Plaintiff has chosen to assert sixty-one claims in the four patents. Staying the case could eliminate some or all asserted claims and will streamline the case by resolving validity and patentability that would otherwise need to be addressed in this Court.[2] Moreover, all asserted claims in this case have been challenged in the IPR petitions. Plaintiff contends that many of the invalidity arguments for the patents at issue in this case are not alleged in GE's IPR, and while GE's IPR relies on many of the same references as the Plaintiff in this case, it uses them in different combinations. Plaintiff asserts that this was tactically done so that Defendant can attempt to avoid estoppel. Despite Plaintiff's argument, TAS agrees that a partial stay is appropriate.

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US] PTO and clarifying the scope of the claims." Target Therapeutics, Inc. v. SciMed Life Sys., Inc., 33 U.S.P.Q.2d 2022, 2023 (1995). This is more true where a party requests reexamination of each of the asserted claims in the patents in suit. Evolutionary Intelligence, LLC v. Facebook, Inc., Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan. 23, 2014) (citing Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1029, 1032 (C.D. Cal. 2013)); Pragmatus AV, LLC v. Facebook, Inc., No. 11CV00494-EJD, 2011 WL 4635512, at *3 (N.D. Cal. Oct. 11, 2011). Even if all the asserted claims survive *inter partes* review, the case could be simplified because Defendant would be bound by the estoppel provisions for *inter partes* review and could not raise any arguments

---

[2]Defendant asserts that it intends to seek construction of thirteen claim terms which is the maximum allowable under the scheduling order; however, the construction is unlikely to provide a jury with sufficient guidance so Defendant may request construction of additional terms later in the case or request that TAS reduce the number of asserted claims. Therefore, staying the case and allowing PTAB to possibly reduce the number of claims in this case will be helpful to the parties and to the Court.

it raised or reasonably could have raised at the PTO in its petition.[3] See Evolutionary Intelligence, LLC, 2014 WL 261837, at *2 (citing 35 U.S.C. § 315(e)(2).) Lastly, even if the PTO affirms the claims, the PTO's decision "is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence." Id. If the USPTO rejects the *inter partes* request, the stay will be short. See Semiconductor Energy Lab. Co., Ltd., 2012 WL 7170593 at *3.

Here, GE sought *inter partes* review of all the claims in the patents in suit. Therefore, if the petitions for review are granted, there is a good chance that review will simplify the case by rendering some or all of the claims for infringement moot. See 35 U.S.C. § 314(a) (IPR instituted only if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition."). Whatever the PTAB's decision, the case will be simplified for this Court. If the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over. If the PTO grants the petitions but confirms all or some of the claims, estoppel will eliminate the invalidity arguments raised or could have been raised in the *inter partes* petitions and the Court would have the benefit of the PTO's decision. Lastly, if the PTO denies the petitions for review, the stay will be short, only four months. Therefore, the Court concludes that this factor favors a stay.

### 3. Prejudice to Plaintiff

The last factor for the Court's consideration is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc., 486 F. Supp. 2d 990, 993-94 (D. Az. 2007) (citing In re Cygnus Telecomms. Tech., LLC, 385 F. Supp. 2d 1022, 1023 (N.D. Cal.

---

[3] Defendant also consents "to be estopped from asserting in the present litigation any invalidity argument presented by GE to the PTAB, and substantively considered by the PTAB, over which the PTAB confirms a particular asserted claim, and which confirmation is upheld on appeal if such a decision is appealed." (Dkt. No. 57-1 at 8.) Plaintiff disagrees with the limiting scope of estoppel described in Defendant's consent. The Court notes the issue as to the application/interpretation of the statutory estoppel provision is not one to be decided in the present motion.

2005). A "delay inherent in the reexamination process does not constitute undue prejudice[.]" AT&T Intellectual Property I v. Tivo, Inc., 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); Intertainer, Inc. v. Hulu, LLC, 2014 WL 466034, at *2 (C.D. Cal. Jan. 24, 2014). The fact that the parties are not competitors weigh in favor of a stay as any harm from a stay can be addressed through damages. PersonalWeb Techs., LLC, 2014 WL 116340, at *5; but see TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp., 2013 WL 5289015, at *3 (N.D. Cal. Sept. 18, 2013) (likelihood of undue prejudice weighs against a stay where a non-moving party is a direct competitor).

Here, Defendant asserts that there is only one accused product, which was installed over three years ago. (Dkt. No. 57-2, Cleveland Decl. ¶ 6.) There is no continuing sale of infringing products and no threat to TAS's goodwill or market position. It also appears that the parties are not competitors. In opposition, Plaintiff argues Defendant has been engaged in gamesmanship and has been trying to obtain a tactical advantage by the careful timing and filing of the IPR petitions, subpoenas and claim construction positions. Specifically, TAS alleges that the IPRs were filed just before the statutory deadline; GE waited until January 10, 2014 to file an IPR on the '079 patent which was also the date when the parties submitted their final claim construction positions to the Court which prevented Plaintiff from learning about GI's IPR claim construction position; and the subpoenas were timed so that SDG&E received prior art documents after the IPRs were filed but before the Court issued a stay. These were acts by Defendant to maximize the tactical disadvantage to TAS.

Plaintiff cites to Evolutionary Intelligence, LLC v. Apple, Inc., 2014 WL 93954, at 4 (N.D. Cal. Jan. 9, 2014) in support of its position. In that case, while the district judge concluded that Defendant engaged in gamesmanship by waiting until the last day of the statutory period to files its *inter partes* review petition, the court, nevertheless, granted a partial stay to await the PTAB's decision regarding whether to grant review. (Id. at 4.)

While Defendant argues that the full stay sought by Plaintiff should be denied

because of Plaintiff's gamesmanship and efforts to create the maximum tactical disadvantage to TAS, it asks the Court to stay only after the claim construction hearing is held. Such an argument is not persuasive. Moreover, TAS argues that since the parties are currently familiar with the issues in the claim construction, it should be held now rather than later. However, the Court concludes, and Plaintiff also points out that it would be beneficial and economical for the Court and the parties to hold the claim construction hearing and tutorial close in time with the dispositive motions. If the claim construction hearing is held now, then some of the Court's ruling may be moot and/or unnecessary if the PTAB cancels one or more of the claims. Therefore, in the interests of efficiency and economy, the Court finds that this factor favors a stay.

## Conclusion

Based on the above, the Court GRANTS Defendant's motion to stay this case pending *inter partes* review. Upon issuance of a final action in the IPR proceeding or upon denial to institute IPR, the parties shall request that the stay be lifted so this case may proceed. The parties shall include a copy of the PTO's final action or denial to review with that request.

IT IS SO ORDERED.

DATED: February 26, 2014

HON. GONZALO P. CURIEL
United States District Judge